UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROUSSARD, | No. 2:14-cv-2499 KJM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RICK HILL, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges two prison disciplinary violations from 2013. ECF No. 1.

Respondent filed a motion to dismiss the petition on three alternate grounds: (1) petitioner's claims are unexhausted; (2) petitioner's claims are procedurally defaulted; and (3) this court is without jurisdiction to consider the petition because the relief sought would not affect the fact or duration of petitioner's confinement. ECF No. 13. Petitioner opposed the motion, ECF No. 16, and respondent filed a reply, ECF No. 18. Petitioner thereafter filed a second "opposition" consisting of a copy of an order of denial from the California Supreme Court. ECF No. 19. For the reasons discussed below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

////

I. <u>Factual and Procedural Background</u>

Petitioner was convicted of first degree murder with special circumstances. ECF No. 13 at 9. He is currently serving a sentence of 25 years to life in state prison. <u>Id.</u>

On May 16, 2013, an audit was performed on all inmate computers in the Prison Industries Products Factory at Folsom State Prison where petitioner was incarcerated. ECF No. 13 at 12. The auditing team discovered games, pornographic pictures, and music files on petitioner's work computer. <u>Id.</u> Petitioner was charged with violating a prison regulation for contraband ("contraband violation"). <u>Id.</u> at 13. The violation was assigned log number 313-06-007. <u>Id.</u>

On May 22, 2013, prison staff found paperwork in petitioner's work desk drawer containing two partially nude photographs of women and a sexually graphic manuscript, apparently authored by petitioner. ECF No. 13 at 15. Petitioner was charged with violating a prison regulation relating to work performance ("performance violation"). The violation was assigned log number 315-05-024.

At a disciplinary hearing on June 17, 2013, petitioner was found guilty of the performance violation. ECF No. 13 at 20. The senior hearing officer concluded that petitioner was producing erotic material during his work hours and noted that petitioner also admitted to "selling [his] material to other inmates at his work assignment which is not permitted nor is it part of his job description." <u>Id.</u> Petitioner was assessed thirty days credit forfeiture and thirty days loss of phones, canteen, and packages privileges. <u>Id.</u> at 21.

At a separate disciplinary hearing on June 25, 2013, petitioner was found not guilty of the contraband charge. ECF No. 13 at 13. The senior hearing officer dismissed the charges and petitioner was assessed "0 days credit forfeiture." <u>Id.</u>

Petitioner challenged his performance disciplinary conviction through the prison's administrative appeal process in appeal log FSP-13-00851. ECF No. 1 at 29-30. Petitioner asserted that he should not have been found guilty because he produced the manuscript in his cell, not at work. <u>Id.</u> Petitioner also asserted that the disciplinary violation should have been administrative rather than a "serious 115." <u>Id.</u> Petitioner requested that the violation be

dismissed and that all references to it be removed from his central file. Id.

On July 24, 2013, petitioner's administrative appeal of his performance violation was denied at the second level of review. ECF No. 1 at 32-33. The appeal response stated that petitioner's request for dismissal or reduction of the RVR and restoration of 30 days of behavioral credits was denied. Id.

On August 14, 2013, petitioner filed an administrative appeal asserting that his performance violation should be dismissed or reduced due to a "stacking violation." ECF No. 1 at 52-53. On August 20, 2013, this appeal was cancelled as untimely. See id. at 50.

On August 22, 2013, petitioner filed an administrative appeal challenging the cancellation of his "stacking violation" appeal. See ECF No. 1 at 47-48. On the same date, petitioner filed another administrative appeal alleging that false statements were made during his contraband disciplinary hearing. See id. at 68-69. It appears that the former was cancelled as duplicative and the latter was cancelled as untimely.[1] See id. at 45, 66.

On October 13, 2013, petitioner's administrative appeal of his performance violation was denied at the third level of review, exhausting his administrative remedies as to that claim. ECF No. 1 at 26.

Petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court challenging his performance and contraband disciplinary violations. See ECF No. 13 at 23 (Superior Court Order). With respect to his performance violation, petitioner alleged that there was insufficient evidence to support the finding of guilt and that his due process rights were violated when a Prison Industry Authority supervisor destroyed a computer or printer, thereby preventing petitioner from presenting evidence in his defense. See id. Petitioner further alleged that Facility Captain Hayward subjected him to punishment beyond that authorized by the senior hearing officer who presided over his disciplinary hearing when Hayward removed petitioner from his job assignment and prevented him from returning to work for a period of time.

---

[1] Because the copies of petitioner's administrative appeals do not contain appeal log numbers, it is not entirely clear that these cancellations are responsive to the August 22, 2013 appeals. See ECF No. 1 at 47-48, 68-69. Regardless, the ambiguity does not ultimately affect the court's analysis.

1  Petitioner alleged that the resulting loss of pay amounted to inappropriate and excessive
2  punishment. See id. Petitioner further alleged that false statements were made with respect to his
3  contraband violation and that Hayward improperly punished him for the contraband violation by
4  denying him privileges and preventing him from returning to work for a thirty-day period, even
5  though he was found not guilty of the charge. See id. at 23-24.

6  On February 19, 2014, the Sacramento County Superior Court denied the petition in a
7  reasoned decision. See ECF No. 13 at 23-26. As to the performance violation, the court found
8  that "more than 'some evidence'" supported the finding of guilt. Id. at 25. The remaining claims
9  were denied on the ground that petitioner failed to exhaust administrative remedies. Id.
10 Specifically, the court found that petitioner's appeals were properly cancelled by the Appeals
11 Chief because they were not submitted in a timely fashion. Id. at 26 ("Since petitioner did not
12 submit his appeals in a timely fashion relative to these other claims (primarily but not entirely the
13 dismissed 115 citation), they were properly summarily cancelled by the Appeals Chief.").

14 Petitioner thereafter filed a petition for writ of habeas corpus in the California Court of
15 Appeal, Third Appellate District. See ECF No. 13 at 28 (Court of Appeal Order). On March 14,
16 2014, the Court of Appeal denied the petition with a citation to People v. Duvall, 9 Cal. 4th 464,
17 474 (1995). ECF No. 13 at 28.

18 On October 10, 2014, petitioner constructively filed the instant federal habeas petition.[2]
19 ECF No. 1.

20 On October 30, 2014, petitioner filed a petition for writ of habeas corpus in the California
21 Supreme Court, which was denied on January 21, 2015 with a citation to citation to In Re Clark, 5
22 Cal. 4th 750, 767-769 (1993).[3] See Dkt. In Case. No. S222281 (Cal.); ECF No. 19 at 3 (Order of
23 denial from California Supreme Court).

24 ////
25 ////

---

[2] As a pro se inmate, petitioner is entitled to the use of the prison mailbox rule in determining the constructive filing date of his state and federal habeas petitions. Houston v. Lack, 487 U.S. 166, 276 (1988).

[3] Petitioner did not provide the court with a copy of this petition.

1    II.     Exhaustion

2    Respondent contends that petitioner failed to exhaust state court remedies because he did

3 not fairly present his claims to the California Supreme Court.[4] ECF No. 13. In his second

4 "opposition," petitioner states that his claims are exhausted and provides a copy of the order of

5 denial from the California Supreme Court. See ECF No. 19 at 1, 3.

6    Where, as here, a federal habeas petition contains other grounds for denial, requiring state

7 court exhaustion does not serve the underlying purpose of comity. See Rose v. Lundy, 455 U.S.

8 509, 525 (1982) (Blackman, J., concurring); see also Clark v. Ricketts, 958 F.2d 851, 857 (9th

9 Cir. 1991); Granberry v. Greer, 481 U.S. 129, 135 (1987). The exhaustion issue therefore need

10 not be reached. Moreover, if this court lacks jurisdiction it *may not* consider exhaustion or any

11 other issue. For these reasons, the undersigned will bypass respondent's exhaustion argument and

12 proceed to respondent's argument that the court lacks jurisdiction over petitioner's claims.[5]

13   III.    Lack of Federal Habeas Jurisdiction

14   Respondent argues that because petitioner seeks only to be reinstated into his prison job

15 and does not seek to restore any credit losses, success in this action will have no effect on the fact

16 or duration of petitioner's confinement, rendering habeas jurisdiction absent. ECF No. 13 at 3, 7.

17   In opposition to defendant's motion to dismiss, petitioner asserts that his due process

18 rights were violated at his performance disciplinary hearing, but does not address respondent's

19 argument that the court has no jurisdiction over petitioner's claims. See ECF No. 16. Instead,

20 petitioner repeatedly asserts that he was subjected to "excessive punishment" because he was not

21 allowed to return to his prison job even though job loss was not one of the punishments assessed

22 by the senior hearing officer at his disciplinary hearing. Petitioner asserts that the loss of his

---

[4] The exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) (1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal habeas court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Exhaustion is a matter of comity and does not affect this court's jurisdiction to entertain petitioner's habeas corpus application. See Harris v. Superior Court, 500 F.2d 1124, 1126–27 (9th Cir. 1974) (en banc).

[5] For the same reason, the undersigned does not reach respondent's argument that petitioner's claims are procedurally defaulted.

1  prison job must be related to his contraband violation, which is "excessive punishment" because
2  he was found not guilty of the violation.  Petitioner asserts that he "should be allowed to return to
3  work and have all other information expunge[d] from his central prison files in relation to CDCR-
4  title 15 section 3006(c)(16)[6] non-violation."  ECF No. 16 at 8.  In closing, petitioner states that he
5  suffered credit loss, loss of employment and was "stigmatized as a sex offender while in
6  custody."  ECF No. 16 at 10.

7        In reply, respondent contends that habeas jurisdiction is absent because even if petitioner
8  "receives reinstatement of his job, his record expunged, or restoration of his thirty-days of credit,
9  it will not necessarily affect the fact or duration of his confinement because he has past his
10 minimum eligible parole date of May 28, 1997, and is already receiving parole consideration
11 hearings."  ECF No. 18 at 2.  Because petitioner's release date is "the sole responsibility of the
12 Board of Parole Hearings," success on petitioner's habeas action would not necessarily accelerate
13 petitioner's release from prison.  Id.

14       "[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition will
15 not *necessarily* shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 858 (9th Cir.
16 2003), cert. denied, 541 U.S. 1063 (2004) (emphasis added) (citing Neal v. Shimoda, 131 F.3d
17 818 (9th Cir. 1997)) (expungement of challenged disciplinary records would not necessarily
18 shorten the length of petitioner's confinement because the parole board still had authority to deny
19 parole based on other grounds).  "Habeas jurisdiction does not lie unless relief on the merits
20 would have a likely effect on the duration of custody."  Jagerson v. Cate, 2013 WL 2434835, 5
21 (E.D. Cal. June 4, 2013) (citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989)).

22       In the instant case, it is not entirely clear whether petitioner seeks restoration of the thirty
23 days of credit he lost as a result of the performance violation.  Nor is it clear whether petitioner
24 seeks to have the performance violation expunged from his prison disciplinary record.[7]  To the
25 extent petitioner seeks restoration of lost credits or expungement of his record, he does not argue

---

[6] Petitioner appears to be referring to the contraband violation.  See Cal. Code Regs. §3006(c)(16) (providing that inmates shall not possess any unauthorized "[m]aterial that is reasonably deemed to be a threat to legitimate penological interests").

[7] All of petitioner's requests for expungement appear to be related to his contraband violation.

1  that either form of relief will affect the fact or duration of his confinement.  Specifically,

2  petitioner does not argue that the performance violation will affect his likelihood of being granted

3  parole.  However, even if petitioner made this argument, any correlation between the performance

4  violation and petitioner's parole date is too remote and speculative to support habeas jurisdiction.

5        In California, the Parole Board considers multiple factors in assessing whether an

6  individual inmate is suitable for parole.  "The Board may consider factors as wide-ranging as the

7  original crime, an inmate's criminal and social history, his conduct in prison, any psychological

8  evaluations, petitioner's efforts at rehabilitation, his remorse and understanding of the crime and

9  its effects of the victims, as well as any parole plans he may have."  See Aviles v. Lackner, No.

10 1:14-CV-01052-LJO, 2014 WL 7140637, at *4-5 (E.D. Cal. Dec. 12, 2014) (citing Cal. Code

11 Regs., tit. 15, § 2402(b)-(d)).  The presence of one negative factor does not foreclose a favorable

12 parole determination, and the ultimate inquiry remains whether the inmate will pose an

13 unreasonable danger to society if released.  Id.

14       The Supreme Court has recognized that "[t]he decision to release a prisoner rests on a

15 myriad of considerations."  Sandin v. Conner, 515 U.S. 472, 487 (1995).  "[T]he prisoner is

16 afforded procedural protections at his parole hearing in order to explain the circumstances behind

17 his misconduct record.  The chance that a finding of misconduct will alter the balance is simply

18 too attenuated to invoke the procedural guarantees of the Due Process Clause."  Id.  "[C]hallenges

19 to disciplinary decisions or administrative classifications with only a speculative effect on future

20 parole prospect fall outside the scope of habeas jurisdiction."  Jagerson, 2013 WL 2434835 at *5

21 (citing similar cases).

22       In the instant case, petitioner is serving an indeterminate sentence of twenty-five years to

23 life.  Petitioner's minimum eligible parole date was in 1997 and he has already started receiving

24 parole consideration hearings.  As the record contains no evidence regarding the substance of

25 petitioner's parole consideration hearings, the court remains uninformed as to why the Parole

26 Board has not yet found petitioner suitable for parole.  Because petitioner's actual suitability for

27 release remains speculative, the alleged impact of the performance violation on the duration of

28 ////

petitioner's custody also remains speculative, thus depriving this court of jurisdiction to consider the matter.

The undersigned next considers whether habeas jurisdiction exists over the contraband violation, which petitioner seeks to have expunged from his record. Although petitioner appears to seek expungement in order to facilitate his reinstatement in his prison job, the court notes that in one of petitioner's administrative appeals, petitioner alleged that he was adversely impacted by the contraband charge in that he had to cancel his "Board hearing set for June 12, 2013" and could not attend the hearing until the contraband disciplinary charge was adjudicated and all appeals were resolved. See ECF No. 1 at 69. To the extent petitioner alleges that the contraband charge affected the timing of his parole board hearing, this allegation is insufficient to establish habeas jurisdiction. Petitioner asserts that his parole board hearing was delayed not because petitioner was *convicted* of the contraband violation, but because the charge had to be adjudicated before petitioner could attend his parole board hearing. There is no relief available that could undo the fact that petitioner was charged with the contraband violation and the charge had to be adjudicated. To the extent petitioner requests expungement of any references to the contraband charge in petitioner's central file, this would not speed petitioner's release from prison, as the delayed parole hearing was not related to petitioner's guilt or innocence of the violation but to the need to adjudicate the charge.

There is virtually no likelihood that the contraband violation will affect the fact or duration of petitioner's confinement, as petitioner lost no credits and was found not guilty of the charge. While petitioner argues that the contraband charge caused him to lose his prison job, petitioner's job loss has no bearing on the fact or duration of his confinement. Accordingly, petitioner's challenge to his contraband violation is not cognizable in this habeas action. See Ramirez, 334 F.3d at 858.

In consideration of the above, respondent's motion to dismiss should be granted on the ground that the court lacks jurisdiction to consider petitioner's claims.

////

////

IV. <u>Conclusion</u>

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 13) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.** A copy of any objections filed with the court shall also be served on all parties.

In his objections, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> 28 U.S.C. 2253(c) (absent a certificate of appealability, an appeal may not be taken from the final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255). Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 7, 2016

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

9